IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01070-PSF-PAC

DANNIE W. JOHNSON and
MARTHA D. JOHNSON, Colorado residents,

Plaintiffs,

v.

OVERRIGHT TRUCKING, INC., a New Mexico corporation,
and ROSS A. REED,

Defendants.

## ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on the Motion for Partial Summary Judgment (Dkt. # 41) filed by Defendants Overright Trucking, Inc. ("Overright") and Ross A. Reed on March 31, 2005, pursuant to F.R.Civ.P. 56. This case was originally brought in this Court on diversity of citizenship grounds pursuant to 28 U.S.C. § 1332. Complaint at ¶¶ 1, 3-5.

Plaintiffs Dannie W. Johnson and Martha D. Johnson allege that on January 1, 2004, Mr. Reed, while in the course and scope of his employment for Overright, "thoughtlessly, negligently, carelessly and recklessly" drove a water truck off of U.S. Highway 550 and into their residence causing "substantial and permanent structural and architectural damage" to their home. Complaint at ¶ 9. Plaintiffs seek monetary relief for damages to their home and assert that said damages forced them to reside in a temporary trailer and place personal property in various storage locations, and caused

substantial inconvenience, lost income, emotional distress and interruption and lost enjoyment of life.  *Id.* at ¶ 10.  The complaint asserts a sole claim for relief, captioned "negligence."  *Id.* at 2.

Defendants move the Court to grant partial summary judgment on the following three bases: 1) damages for alleged emotional distress resulting from damage to property are not recoverable under Colorado law; 2) Mr. Johnson's claimed income losses are not recoverable; and 3) plaintiffs have failed to mitigate their claimed damages as a matter of law.  Defendants' Motion for Partial Summary Judgment at 2.

The Court has considered Plaintiffs' Response to Motion for Partial Summary Judgment.  Plaintiffs' Motion for Leave to Supplement Response to Defendants' Motion for Partial Summary Judgment (Dkt. # 69) is GRANTED and the Court has considered the supplemental response as well.  This case is set for a four-day jury trial to commence at 1:30 p.m. on Monday, September 12, 2005.

## I.     CLAIMS AND DEFENSES

Plaintiffs allege that Mr. Reed, while under the influence of amphetamines and methamphetamines, drove a water truck into the plaintiffs' home while they were asleep, knocking it four feet off its foundation, tearing a gas line loose and making it necessary to tear the home down and rebuild it.  Final Pretrial Order at 1-2.  As a result, plaintiffs seek general and special damages in negligence, replacement damages to property, emotional distress, loss of income, inconvenience and interruption and lost enjoyment of life in excess of $75,000; pre- and post-judgment interest to the extent allowed by Colorado law from the date of the incident to the date of judgment; and costs, including expert witness fees, deposition expenses, transportation and for any

other appropriate damages as proved at trial.  Final Pretrial Order at 2.  Punitive or exemplary damages have not been pled.

Defendants admit that Mr. Reed, while in the course and scope of his employment for Overright, negligently drove a water truck into plaintiffs' residence, causing substantial structural and architectural damages thereto.  Final Pretrial Order at 3.  Defendants contest only the nature and extent of plaintiffs' claimed damages, and assert as an affirmative defense plaintiffs' failure to mitigate damages.  Final Pretrial Order at 4.

## II. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. Summary Judgment Standards

Summary judgment is appropriate under F.R.Civ.P. 56(c) if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *See also Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).  When applying this standard the Court reviews the pleadings and the documentary evidence in the light most favorable to the nonmoving party.  *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).  To defeat a properly supported motion for summary judgment, "there must be evidence upon which the jury could reasonably find for the plaintiff."  *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995), *cert. denied*, 516 U.S. 1160 (1996), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  In addition, "'where the nonmoving party will bear the burden of proof at trial on a dispositive issue' that party must 'go

beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) quoting *Celotex,* 477 U.S. at 322.

### B.   Emotional Distress Resulting from Damage to Property

Defendants move for summary judgment on plaintiffs' request for emotional distress damages, asserting that claims for emotional distress resulting from damage to property are not recoverable under Colorado law.  Motion for Partial Summary Judgment at 4.  In support of this argument defendants cite to *Webster v. Boone*, 992 P.2d 1183, 1185 (Colo. App. 1999) for the proposition that "[t]here is generally no recovery in tort for mental suffering resulting from injury to property."  *Id.* at 4-5.  Defendants further cite to *Atsepoyi v. Tandy Corp.*, 51 F. Supp. 2d 1120 (D. Colo. 1999) to bolster their claim that plaintiffs' physical manifestations of emotional distress are insufficient to warrant relief.  *Id.* at 5.

In response, plaintiffs also cite to *Webster*, noting the court there said that emotional distress damages resulting from damage to property are recoverable when defendants subject the plaintiffs to an unreasonable risk of bodily harm.  Plaintiffs' Response to Motion for Partial Summary Judgment at 6, citing *Webster*, 992 P.2d at 1187.  Moreover, plaintiffs assert that defendants misrepresented plaintiffs' physical ailments.  Plaintiffs' Response to Motion for Partial Summary Judgment at 3.  Plaintiffs claim they have experienced such ailments as anxiety, insomnia, arm and eye muscle twitches and weight gain.  Plaintiffs' Answers to Interrogatories at # 16, attached as

Exhibit B to Defendants' Motion for Partial Summary Judgment.

Under the rule announced by the Colorado Supreme Court in *Towns v. Anderson*, 195 Colo. 517, 519-20 (1978), recovery for emotional distress is permitted if there are physical manifestations or mental illness when a plaintiff is subjected to an unreasonable risk of bodily harm due to another's negligence.  In that case, the court, citing § 436 of the Restatement (Second) of Torts (1965), recognized a negligence cause of action not only when a plaintiff is physically injured but also when "the defendant created an unreasonable risk of bodily harm to the plaintiff, and the plaintiff suffered emotional distress resulting in serious physical manifestations or mental illness."  *Culpepper v. Pearl Street Bldg., Inc.*, 877 P.2d 877, 880 footnote 3 (Colo. 1994) citing *Towns*, 195 Colo. at 519-20.  The court continued: "We have never recognized a cause of action for emotional distress grounded in negligence without proof that the plaintiff sustained physical injury or was in the 'zone of danger.'"  *Id*.  According to *Card v. Blakeslee*, a plaintiff is within the zone of danger if he or she is "subject to a direct threat of harm or an unreasonable risk of bodily harm."  937 P.2d 846, 849 (Colo. App. 1996).

In the present case, the consequences of Mr. Reed's admitted negligence subjected plaintiffs to an unreasonable risk of bodily harm when he drove a water truck into their house while they were home sleeping, knocking the home off its foundation and rupturing a gas line.  Defendants contend that since plaintiffs do not explicitly claim a "creation of an unreasonable risk of bodily harm" in their complaint plaintiffs are not entitled to recovery on such a claim.  However, there are sufficient allegations in the

complaint intimating an "unreasonable risk of bodily harm." Thus plaintiffs have satisfied this prong of the negligence claim. For example, the complaint states:

> On January 1, 2004, during the early morning, Plaintiffs were peacefully residing in their [home] . . . when [Mr.] Reed thoughtlessly, negligently, carelessly and recklessly drove the water truck off of the pavement of U.S. Highway 550, striking Plaintiff's residence, entering into the house with such force as to knock the structure off of its foundation, causing such substantial and permanent structural and architectural damage that immediately thereafter the home could no longer be safely inhabited.

Complaint at ¶¶ 8-9.

Given this information, defendants' creation of an unreasonable risk of bodily harm to plaintiffs is sufficiently pled under F.R.Civ.P. 8(a). Mr. Reed drove a water truck into plaintiffs' home while they were there and the risk to them was ostensibly great. The risk to plaintiffs would be a far different question had they not been home at the time of the accident, but they were. Just because neither of the plaintiffs was physically injured as a direct result of the accident itself does not mean plaintiffs were not at risk or did not feel themselves to be at risk. From the record it appears that the truck moved the home four feet off its foundation and ruptured a gas line. Reasonable persons in plaintiffs' position could fear that at any moment the house could have collapsed with them inside, or a spark could have ignited the free flowing gas. A reasonable factfinder could infer that defendants subjected plaintiffs to an unreasonable risk of bodily harm.

As for the additional test for a party to recover emotional distress damages as a result of tortious damage to property, it appears that a reasonable juror could conclude that plaintiffs' emotional distress has in fact resulted in serious physical manifestations.

Colorado courts have permitted recovery for emotional distress "when there are physical manifestations . . . such as chronic nausea, headaches, hysterical attacks, or mental aberrations." *Parr v. Triple L & J Corp.*, 107 P.3d 1104, 1108 (Colo. App. 2004) citing *Towns*, 195 Colo. at 519-20; and *Colwell v. Mentzer Investments, Inc.*, 973 P.2d 631, 638 (Colo. App. 1998). Plaintiffs here claim that the defendants' actions caused emotional distress resulting in insomnia, weight gain, and muscle twitches in both plaintiffs' eyes and Mr. Johnson's arm. Plaintiffs' Answers to Interrogatories at # 16, attached as Exhibit B to Defendants' Motion for Partial Summary Judgment.

Defendants cite to *Atsepoyi v. Tandy Corp.*, 51 F. Supp. 2d 1120 (D. Colo. 1999) for the proposition that generalized symptoms such as headaches, insomnia, crying spells, vomiting and diarrhea are insufficient to constitute serious physical manifestations. *Id*. at 1127. Plaintiffs' alleged symptoms appear to meet the threshold for physical manifestations of emotional distress so as to be decided by a jury. To the extent the conditions deemed insufficient in *Atsepoyi* are inconsistent with Colorado law, Colorado case law controls as *Atsepoyi* relied on Kansas federal court precedent as to what "generalized symptoms" were deemed insufficient physical manifestations of emotional distress. Although there is no precise definition or detailed list as to what constitutes a "serious physical manifestation" under Colorado law, there appear to be triable issues of disputed fact as to whether plaintiffs' symptoms are sufficiently analogous to those that courts applying Colorado law have listed previously as adequate manifestations of emotional distress to warrant damages on that basis in a negligence cause of action. Therefore, Defendants' Motion for Partial Summary

Judgment is DENIED as to their contention that plaintiffs' emotional distress claims for damage to one's property are not recoverable as a matter of law.

### C.     Lost Income

Defendants move for summary judgment on their assertion that plaintiffs, although calling a certain $26,000 "lost income," are actually trying to recover attorneys' fees in the form of damages.  Motion for Partial Summary Judgment at 7. Before the accident, plaintiffs apparently had set aside $26,000 to purchase a truck and start a business.  Defendants claim plaintiffs expended this sum of money on legal representation and are not entitled to recover it under Colorado law merely by calling it "loss of income."  *Id.* at 8.  Plaintiffs respond that they have never paid $26,000 for attorneys' fees, Plaintiffs' Response to Motion for Partial Summary Judgment at 4-5, and further contend defendants have factually misrepresented their depositions in making such an assertion.  *Id.* at 4-5.

As noted in *McKnight* and *Celotex, supra* at § II.A., a party in response to a proper summary judgment motion has the burden of establishing a triable issue of fact. It appears from the record that plaintiffs have not sufficiently gone beyond the pleadings so as to survive summary judgment as to this element of damages.  Plaintiffs have not shown by way of admissible evidence that the $26,000 in dispute is in any way a compensable loss.  If such a sum was expended or set aside for "costs for legal representation," as plaintiffs call it, or "attorneys' fees," as defendants call it, in neither case is such a sum recoverable.  In the absence of an express statute, court rule, or private contract to the contrary, attorneys' fees generally are not recoverable by the

prevailing party in a tort action. *Allstate Ins. v. Huizar*, 52 P.3d 816, 818 (Colo. 2002) citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). Although plaintiffs claim they have spent "zero dollars for attorneys' fees," Affidavit of Dannie Johnson and Martha Johnson at ¶ 7, attached as Exhibit F to Plaintiffs' Response to Motion for Partial Summary Judgment, they also admit to having already "paid several thousand dollars in costs that have arisen in the course of their legal representation in this litigation." *Id.* at ¶ 9. If attorneys' fees or costs are recoverable by plaintiffs at the conclusion of the case, it will be for the Court not the jury to determine them pursuant to F.R.Civ.P. 54(d). Of course, if the $26,000 neither has been expended nor set aside for litigation purposes, plaintiffs alternatively have failed to establish why they are entitled to any or all of that amount as part of a tort award. Therefore, Defendants' Motion for Partial Summary Judgment is GRANTED as to their assertion that any attorneys' fees or costs incurred by plaintiffs are not recoverable through a jury award.

### D.     Mitigation of Damages

Defendants finally move for summary judgment on their assertion that plaintiffs failed to mitigate their claimed damages for inconvenience, lost income, emotional distress and interruption of and loss of enjoyment of life. Motion for Partial Summary Judgment at 5-6. Defendants assert that by failing to make a claim on their home insurance policy, plaintiffs failed to mitigate, as they are required, the above listed consequential damages. *Id.* at 6. Plaintiffs respond by arguing that not only did they mitigate their damages, they also have the right to choose their remedy. Plaintiffs'

Supplemental Response to Motion for Partial Summary Judgment at 11.  They claim that it is their right to choose their remedy, not the choice of the defendant wrongdoer. *Id.*

Failure to mitigate damages is an affirmative defense which must be pled and proved by the defendant.  *Comfort Homes, Inc. v. Peterson*, 37 Colo. App. 516, 519 (1976).  "The defense applies when the plaintiff has failed to exercise reasonable care and diligence to minimize or lessen the resulting damages."  *Martin v. Porak*, 638 P.2d 853, 855 (Colo. App. 1981) citing *Powell v. Brady*, 496 P.2d 328, 331 (Colo. App. 1972), *aff'd sub nom.*, *Brady v. City & County of Denver*, 181 Colo. 218, 223 (1973).  In determining whether a plaintiff has acted reasonably, the Colorado Supreme Court has held that a plaintiff should take such steps "as a reasonably prudent man would take in like circumstances."  *Brenaman v. Willis*, 136 Colo. 53, 57 (1957) quoting *Hoehne Ditch Co. v. John Flood Ditch Co.*, 76 Colo. 500, 508 (1925).  Nonetheless, it is the right and choice of the plaintiffs, not the defendants, as to which remedies plaintiffs will seek. *See H & K Automotive Supply Co. v. Moore & Company*, 657 P.2d 986, 988 (Colo. App. 1982); *Altergott v. Yeager*, 37 Colo. App. 23, 28 (1975) ("[T]he choice of remedies belongs to the one who has been defrauded, and may not be forced upon him by the wrongdoer.").

Defendants have not demonstrated that a plaintiff who has suffered an insured tortious injury must make a claim on an insurance policy or that the failure to do so constitutes an affirmative defense for an alleged tortfeasor.  Case law supports a plaintiff's right to choose how to be made whole.  *See H & K Automotive Supply Co.*,

657 P.2d at 988; *Altergott*, 37 Colo. App. at 28. Although a reasonably prudent person might make a claim on his or her insurance policy in like circumstances, it appears plaintiffs did not act unreasonably as a matter of law in not making a claim, citing reasons such as not wanting to pay a $1,000.00 deductible, not wanting to face the possibility of raised premiums or cancelled coverage and not wanting to force their insurance company to compensate them when defendants were solely at fault.

Moreover, even if plaintiffs did make a claim on their insurance policy, any liability award against defendants could not be reduced by the Court pursuant to the collateral source rule, which states in relevant part:

> In any action by any person . . . to recover damages for a tort resulting in . . . injury to . . . property, the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount of the verdict by the amount by which such person . . . has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained; except that the verdict shall not be reduced by the amount by which such person . . . has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person. The court shall enter judgment on such reduced amount.

C.R.S. § 13-21-111.6. An insurance policy qualifies as a "contract entered into and paid for by or on behalf of" the plaintiffs, and as noted above, will not reduce the amount that a verdict would return against the defendants in this case and is thus irrelevant. *Van Waters & Rogers, Inc. v. Keelan*, 840 P.2d 1070, 1078-79 (Colo. 1992) ("We therefore construe [C.R.S. § 13-21-111.6] as broad enough to cover contracts for which a plaintiff gives some form of consideration, whether it be in the form of money or . . . services,

11

with the expectation of receiving future benefits in the event they become payable under the contract."). "The purpose of the contract exception in [the collateral source rule] is to ensure that a defendant does not receive a windfall by avoiding payment of damages because the plaintiff had the foresight to purchase insurance. . . ." *Colorado Permanente Medical Group, P.C. v. Evans*, 926 P.2d 1218, 1233 (Colo. 1996). Thus, even if plaintiffs made an insurance claim and collected as a result of the accident, it would not redound to defendants' benefit as a matter of law.

As for the remaining mitigation issue, plaintiffs also appear to have mitigated damages by shutting off the gas leaking out of the ruptured valve immediately after the incident, preventing further damage to persons or property. Therefore, Defendants' Motion for Partial Summary Judgment is DENIED as to their contention that plaintiffs failed to mitigate damages by not making a claim on their homeowners' insurance policy.

## III.   CONCLUSION

For the reasons stated above, the Court DENIES in part and GRANTS in part Defendants' Motion for Partial Summary Judgment (Dkt. # 41) as follows:

1. The Court DENIES summary judgment to Defendants Overright Trucking, Inc. and Ross A. Reed on their claim that damages for alleged emotional distress resulting from damage to property are not recoverable under Colorado law;

2. The Court GRANTS summary judgment to Defendants Overright Trucking, Inc. and Ross A. Reed on their claim that Plaintiff Dannie

Johnson's claimed income losses are not recoverable; and

3. The Court DENIES summary judgment to Defendants Overright Trucking, Inc. and Ross A. Reed on their claim that plaintiffs have failed to mitigate their claimed damages as a matter of law.

Plaintiffs' Motion for Extension of Time to Complete ECF Filing (Dkt. # 61), filed July 5, 2005, is GRANTED.

Plaintiffs' Motion for Leave to Supplement Response to Defendants' Motion for Partial Summary Judgment (Dkt. # 69), filed July 7, 2005, is GRANTED.

The Court GRANTS Defendants' Motion for Extension of Time to Respond to Plaintiffs' Motions (Dkt. # 70), filed July 11, 2005.

The Court will hold a hearing on all pending motions *in limine* on **Thursday, August 11, 2005 at 11:00 a.m.**

DATED: July 21, 2005

BY THE COURT:

s/ Phillip S. Figa
_____
Phillip S. Figa
United States District Judge